IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

UNITED STATES OF AMERICA                    CASE NO.1:05CR17  MMP

vs.

MICHAEL MCLEOD
        defendant.

## ORDER SETTING TRIAL AND OTHER PRE-TRIAL MATTERS

A. TRIAL AND VOIR PROCEDURE

    1. This case will be tried during the trial period commencing **July 11, 2005** at 12:30 p.m. at the Federal Courthouse, 401 S.E. 1st Avenue, Gainesville, Florida, with <u>Jury Selection</u> to begin at 12:30 p.m. An <u>Attorney Conference</u> is scheduled for 12:30 p.m. on that date.

    2. Voir Dire examination of jurors will be conducted by the court. If a party wishes to submit voir dire questions for the court's consideration, the same must be in writing and filed with the Clerk of Court at least seven (7) days prior to trial, with copy to opposing counsel. At the conclusion of the Court's voir dire examination, reasonable opportunity will be given for counsel to ask questions they believe should properly be asked because of answers given or other matters occurring during voir dire, not satisfactorily explained by the court's inquiry.

    3. Jury selection will be accomplished in the manner specified to counsel prior to trial but will be conducted in one of the following ways:

        a. The entire panel will be examined after which the attorneys will be given the opportunity to exercise their challenges; or

        b. The jury box will be filled and those prospective jurors examined, following which challengers must be exercised; those excused will be replaced and the new prospective jurors will be examined as before. This process to be continued until trial jury and alternates are selected. Whichever procedure is followed, no back striking will be permitted.

    4. Prior to jury selection, all parties are requested to determine whether they would be willing to stipulate completing the trial with less than twelve (12) jurors, in the event jurors, after being sworn, become disabled or otherwise excused by the Court.

B.      DISCOVERY AND INSPECTION

   1. Any request for disclosure of evidence, information or discovery under Federal Rule of Criminal Procedure 16 by the defendant shall be made no later than five (5) working days following the date of this Order with, in such even, the evidence, information or discovery so requested to be provided to the defendant within (5) working days after receipt of the request.  If the defendant requests disclosure under Federal Rule of Criminal Procedure (16(a)(1)(C) or (D), the government shall make request of the defendant under Federal Rule of Criminal Procedure 16(b)(1)(A) and (B) within two (2) working days after receipt of defendant's request, with the evidence, information or discovery so requested to be provided the government by the defendant within five (5) workings days after receipt of request.

   2. Counsel for the parties, or the defendant if not represented by counsel, and counsel for the government shall agree on the time, place and manner of the disclosure of such evidence, information and discovery and of any inspection or photocopying required.  The parties' attention is directed to Federal Rule of Criminal Procedure 16(c), (d) and (e).

   3. As used in this Order, working days include all days except Saturdays, Sundays, and federal legal holidays.

C.      BRADY MATTERS

   The United States Attorney shall disclose any evidence favorable to this defendant on the issues of guilt or innocence without regard to materiality.  The defendant or his attorney shall be provided such evidence promptly after the United States Attorney acquires knowledge thereof. See: Brady v. Maryland, 373 U.S. 83 (1963).

D.      NOTICE OF ALIBI AND OF DEFENSE BASED UPON MENTAL CONDITION

   The parties' attention is directed to Federal Rules of Criminal Procedure 12.1 and 12.2.

E.      MOTIONS BEFORE TRIAL

   All pretrial motions permitted or required under the Federal Rules of Criminal Procedures shall be filed no later than ten (10) days after the date of this Order, unless a different time is prescribed by the Federal Rules of Criminal Procedure, an Act of Congress, the Local Rules of this Court, or by the Court at the time of arraignment.  Counsel's attention is particularly directed to Rule 6 and 7(F) of the Rules of the United States District Court for the Northern District of Florida.

F.      MOTIONS GENERALLY

   All motions shall be accompanied by a written statement certifying the counsel for the moving party, or the moving party if not represented by counsel, has conferred with opposing counsel or party, as the case may be, in effort in good faith to resolve by agreement the subject matter of any motion, but has not been able to do so.  The written statement shall also specify the information that has been made available to opposing counsel or parties in lieu of filing the motion.     All motions which require evidentiary support shall be accompanied by a signed statement of facts relied upon for the motion.

G.      PLEA BARGAINING

   The parties shall immediately advise the Court's secretary and the Clerk of the Court of any plea bargain agreement and arrange for the rearraignment of the defendant in sufficient time prior to trial to permit the excusing of witnesses and jurors and revision of the Court calendar should the negotiated plea be accepted by the Court.  Such rearraignment, unless the Court otherwise provides, shall be accomplished no later than four (4) days prior to the trial date set in this order.

H. CONTINUING NATURE OF ORDER

This Order, to the extent it applies to the matters referred to herein, is continuing in nature and through trial.

DONE and ORDERED this 10th day of May, 2005.

ALLAN KORNBLUM
UNITED STATES MAGISTRATE JUDGE

Copies furnished:

United States Attorney
Attorney for the Defendant



William McCool, Clerk
401 Southeast First Avenue
Gainesville, Florida 32601
(352) 380-2400

Counsel of Record

Re: Evidence/Exhibit Preparation for Trial

Dear Counsel:

Pursuant to pretrial requirements of the U.S. District Court for the Northern District of Florida, this letter provides guidelines for the preparation and handling of trial exhibits.

General information and minimum requirements

1. Counsel for each party in any case should, in advance of trial, mark each exhibit proposed to be offered in evidence or otherwise tendered to any witness during trial. Exhibits will retain the same number throughout court proceedings whether identified, offered or admitted. To avoid confusion, it is preferred that like parties share exhibit numbers. If it is not practical for co-plaintiffs or co-defendants to share exhibit numbers, like parties may identify exhibits by placing the party's name prior to the exhibit number on all exhibit stickers and exhibit lists (for example: Smith-1, Jones-1, etc.).

2. The exhibits should be individually marked for identification with a secured sticker denoting the appropriate party, the case number and the exhibit number (see Attachment 1). Exhibits should be sequentially numbered in the order they are proposed to be offered. Composite exhibits should have identified sub-exhibits denoted by a letter following the exhibit number (example: Exhibit 1 is a medical file; documents from the file are marked 1a, 1b...1z, 1aa, etc.).

3. Upon marking the exhibits, counsel should prepare a list of such exhibits, in sequence, with a descriptive notation sufficient to identify each separate numbered exhibit and should furnish copies of the list to opposing counsel and to the court at commencement of trial (see Attachment 2). Counsel should inform the court of exhibits to which admission has been stipulated.

4. Upon identification the courtroom deputy clerk will retain custody of exhibits. The courtroom deputy cannot anticipate the need for exhibits by counsel during examination and cross- examination of witnesses. Counsel should be prepared to ask for exhibits by exhibit number or counsel may request exhibits during breaks between witnesses. Counsel may wish to have additional copies of documentary exhibits on hand for use in examining witnesses. All exhibits that are intended as part of the record should be returned to the courtroom deputy clerk when examination of the witness is completed.

*The mission of the Office of the Clerk is to provide the highest quality support to the judges and chambers staff of the Northern District of Florida in their roles of administering justice to the citizens of this district.*

Tallahassee Division (850) 521-3501 • Pensacola Division (850) 435-8440 • Panama City Division (850) 769-4556

5. The Eleventh Circuit Court of Appeals has established that documents of unusual bulk or weight and physical exhibits other than documents shall not be transmitted by the Clerk of this Court with the record on appeal (see FRAP 11 - 11th Circuit Rules). Oversized exhibits, posters, and nondocumentary exhibits may be used at trial for demonstrative purposes, but they will be returned to counsel at the conclusion of trial. This includes sensitive exhibits in criminal trials. If the court of appeals requests exhibits that are retained by counsel, it is the responsibility of counsel to make arrangements for transportation and shipping of those exhibits to Atlanta.

### Recommendations for marking

Some steps in exhibit preparation make the use of exhibits in trial flow faster and more efficiently. The following suggestions are not requirements of the court and may not be practical or economical in some trials.

Three-ring binders. Counsel may find it useful, in situations where voluminous paper exhibits are to be offered, to place the exhibits in three-ring binders with a numbered tab index.

Oversized exhibits and posters. As previously mentioned, any oversized exhibits, non-documentary exhibits and posters will be returned to counsel at conclusion of trial. Counsel should consider filing file size (8.5 x 11") copies of posters and photographs of nondocumentary exhibits if they wish those exhibits considered in any appeal.

### Return of exhibits

The Clerk will return all oversized, sensitive and nondocumentary exhibits to counsel at the conclusion of trial. The Clerk will retain and dispose of all other retained exhibits in accordance with Local Rule 5.2 (see Attachment 1). Please note that it is the responsibility of counsel to retrieve exhibits from the clerk upon the decision of this court or, in the event of an appeal, upon the decision of the appeals court.

If you have any questions regarding trial exhibits, please contact the courtroom deputy clerk for the judicial officer assigned to your case.

Sincerely,

WILLIAM McCOOL
CLERK OF COURT


Blair K. Patton
Courtroom Deputy Clerk

Eff. 10/30/2000
Attachment 1

Local Rule 5.2 Exhibits - Disposition

(A) All exhibits offered or received in evidence during any proceeding in this court shall be delivered to the clerk who shall keep them in custody unless otherwise ordered by the court, except:

(1) Sensitive exhibits, such as, but not limited to, illegal drugs, explosives, weapons, currency, articles of high monetary value, exhibits of a pornographic nature, or the like, shall be retained by the submitting law enforcement agency or party who shall then be responsible to the court for maintaining custody and the integrity of such exhibits, and

(2) The clerk may, without special order, permit an official court reporter to retain custody pending preparation of the transcript.

(B) All models, diagrams and exhibits remaining in the custody of the clerk shall be retrieved by the parties within three (3) months after the case is finally decided, unless an appeal is taken. In all cases in which an appeal is taken, all exhibits shall be retrieved within thirty (30) days after the filing and recording of the mandate of the appellate court finally disposing of the case.

(C) If exhibits are not retrieved as required by this rule, the clerk may destroy them or make such other disposition as may be authorized by the court.

Northern District of Florida - Local Rule 5.2

Standard exhibit labels examples

| GOVERNMENT EXHIBIT 1 case number | PLAINTIFF'S EXHIBIT 2 GCA 1:99cr1MP | DEFENDANT'S EXHIBIT 3 A GCA 1:00cr12 MMP |
|---|---|---|
| Government Gold Label | Plaintiff Pink Label | Defendant Blue Label |

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

JOHN Q. DOE,
    Plaintiff

v.                                                         GCA 1:99-cr-1-MMP

WILLIAM Z. SMITH and
THE CITY OF GOTHAM,
    Defendants
_____/

## Example Plaintiff's Trial Exhibit List

| Pltf # | Date ID'd | Date Admitted | Witness(es) | Description |
|---|---|---|---|---|
| 1 | leave blank | leave blank | Paul Jones | Letter to John Doe from Paul Jones dated 3/1/95 re: salary review. |
| 2a | leave these two columns blank - to be filled in during trial | | Dr. David Brown | Audiotape of meeting on 5/1/95. |
| 2b | | | " " | Transcript of pltf exh 2a - audiotape |
| 3 | | (Stipulated) | Sally Smith, Paul Jones | Poster - Map of USA (for demonstrative purposes only) |
| 3a | | | | File size copy of map pltf exh 3 |
| 4 | | | | Poster - enlargement of photos 4a-g for demo purposes |
| 4a-g | | | | Photos - 4" x 6" of:<br>a - automobile<br>b - tires<br>c - etc. |
| 5 | | | | Brown Leather Briefcase |
| 5a | | | | Photo of briefcase - pltf exh 5 |
| 6 | | | | Acme Co. Procedures manual |
| 6a | | | | Enlarged excerpt of page 42 from pltf exh 6 |